# Exhibit A

# Pleadings

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

25-C-11527-S7

10/8/2025 4:34 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of <u>Gwinnett State Court</u> County

| For Clerk Use Only | | |
|---|---|---|
| Date Filed _____<br>**MM-DD-YYYY** | Case Number | 25-C-11527-S7<br>_____ |

| Plaintiff(s)<br>Eric Sterling | | | | | Defendant(s)<br>CMD, LLC | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | First Extended Service Corp. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | ABC, Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney <u>Eric A Sterling</u>          State Bar Number _____ Self-Represented ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

| General Civil Cases | Domestic Relations Cases |
|---|---|
| ☐ Automobile Tort | ☐ Adoption |
| ☐ Civil Appeal | ☐ Contempt |
| ☐ Contempt/Modification/Other Post-Judgment |    ☐ Non-payment of child support, medical support, or alimony |
| ☐ Contract | ☐ Dissolution/Divorce/Separate Maintenance/Alimony |
| ☐ Garnishment | ☐ Family Violence Petition |
| ☐ General Tort | ☐ Modification |
| ☐ Habeas Corpus |    ☐ Custody/Parenting Time/Visitation |
| ☐ Injunction/Mandamus/Other Writ | ☐ Paternity/Legitimation |
| ☐ Landlord/Tenant | ☐ Support – IV-D |
| ☐ Medical Malpractice Tort | ☐ Support – Private (non-IV-D) |
| ☐ Product Liability Tort | ☐ Other Domestic Relations |
| ☐ Real Property | |
| ☐ Restraining Petition | |
| ☒ Other General Civil | |

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
      **Case Number**                          **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

IN THE STATE COURT OF GWINNETT COUNTY

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**25-C-11527-S7**
10/9/2025 9:52 AM
TIANA P. GARNER, CLERK

STATE OF GEORGIA

**Eric Sterling,**

_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER: _____ 25-C-11527-S7 _____

VS.

**CMD, LLC,**

**First Extended Service Corp.,**

**and ABC, Inc.**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** **First Extended Service Corp.**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Eric Sterling, Esq.
Eric Sterling Law Firm
P.O. Box 1595
Lawrenceville, GA 30046

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___ 9TH ___ day of _____ OCTOBER _____, 20 _25_ .

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**25-C-11527-S7**
10/9/2025 9:52 AM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Eric Sterling,**

PLAINTIFF

VS.

**CMD, LLC,**

**First Extended Service Corp.,**

**and ABC, Inc.**

DEFENDANT

CIVIL ACTION NUMBER: __25-C-11527-S7__

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** **CMD, LLC**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Eric Sterling, Esq.
Eric Sterling Law Firm
P.O. Box 1595
Lawrenceville, GA 30046

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___9TH___ day of ___OCTOBER___, 20 25 .

Tiana P. Garner
Clerk of State Court

By _Nichole Norton_
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-11527-S7**

10/8/2025 4:34 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|                                        |     |                                    |
| -------------------------------------- | --- | ---------------------------------- |
| ERIC STERLING                          | )   |                                    |
|                                        | )   |                                    |
|     Plaintiff,     | )   |                                    |
|                                        | )   | CIVIL ACTION                       |
| vs.                                    | )   |     25-C-11527-S7 |
|                                        | )   | FILE NO.: _____          |
| CMD, LLC,                              | )   |                                    |
| FIRST EXTENDED SERVICE CORP.,          | )   |                                    |
| and ABC, INC.                          | )   |                                    |
|                                        | )   |                                    |
|     Defendants.    | )   |                                    |

### COMPLAINT

COMES NOW Eric Sterling, Plaintiff in the above styled action, by and through the undersigned counsel, Eric Sterling Law Firm, and hereby files this, his Complaint (the "Complaint") against Defendant CMD, LLC (hereinafter "Defendant McLaren"), Defendant First Extended Service Corporation (hereinafter "Defendant Lux Guard") and Defendant ABC, Inc. showing this Honorable Court as follows:

### VENUE AND JURISDICTION

1.

Plaintiff Eric Sterling ("Plaintiff") is a resident of the State of Georgia and for purposes of the instant action, Plaintiff subjects himself to the jurisdiction and venue of this Court.

2.

Defendant CMD, LLC ("Defendant McLaren") is a North Carolina corporation Corporation that can be served with an Original Summons and Complaint through its Registered Agent, Burton Law Firm, PLLC at 219 N Boylan Ave 1st Floor, Raleigh, NC 27603. The Plaintiff furthers show that this Defendant purposefully availed itself of the laws of Georgia via continuous and systematic contacts within the State of Georgia and that these contacts triggered the event that

is the subject matter of this litigation. *See* <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945), <u>Burger King v. Rudzewicz</u>, 471 U.S. 462 (1985).

3.

Defendant First Extended Service Corporation ("Defendant Lux Guard") is a Texas Corporation that can be served with an Original Summons and Complaint through its Registered Agent, Corporation Service Company, at 175 W Jackson Blvd 8th Floor, Chicago IL and/or 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608. The Plaintiff furthers show that this Defendant purposefully availed itself of the laws of Georgia via continuous and systematic contacts within the State of Georgia and that these contacts triggered the event that is the subject matter of this litigation. *See* <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945), <u>Burger King v. Rudzewicz</u>, 471 U.S. 462 (1985).

4.

Defendant ABC, Inc. is a fictious legal entity, or entities, who would otherwise be responsible for the causes of action herein. This placeholder will allow ease of substitution of another entity or entities, if necessary, upon Plaintiff's discovery of further information in this case.

5.

Venue and jurisdiction are proper in Gwinnett County, Georgia.

6.

"Defendants" as used in this Complaint shall refer collectively to all of the Defendants named herein, as if the following were stated: Defendant McLaren and/or Defendant Lux Guard, and/or Defendant ABC, Inc.

[2]

**FACTUAL BASIS**

7.

On or about January 21, 2023 Plaintiff purchased a 2020 BMW X6 M50i, VIN 5UXCY8C07L9C48571, from Defendant CMD, LLC's Charlotte McLaren dealership located at 6010 Kenley Lane Suite C, Charlotte NC 28217.

8.

At the time of sale, Defendant McLaren knew or should have known that the car had been smoked in.

9.

Defendant McLaren represented to Plaintiff that the car had never been smoked in.

10.

Defendant McLaren sold Plaintiff an extended warranty to cover repairs for 3 years from the date of purchase or 100,000 miles whichever came sooner. The extended warranty service contract says that it is a contract between Defendant McLaren and Plaintiff, but Defendant McLaren has repeatedly contended that an entity called "Lux Guard" (Upon information and belief Plaintiff thinks Defendant McLaren was referring to Defendant First Extended Service Corporation) should be liable for repairs covered by the extended warranty.

11.

Defendant McLaren knew Plaintiff lived in Gwinnett County, Georgia and that the car would reside there and be used there.

12.

Defendant McLaren registered the subject vehicle in Gwinnett County for Plaintiff's use there, including ordering his license plate in Gwinnett County, Georgia.

[3]

13.

The Extended Warranty Service Contract contemplates that a buyer could live in Georgia with specific language altering the terms of the agreement for a contract that would exist in Georgia.

14.

The Extended Warranty Service Contract allows the customer, like Plaintiff, to choose their own repair facility so long as the customer lives more than 40 miles away from the Selling Dealer.

15.

At the time of sale, Defendant McLaren represented that the subject vehicle had not been smoked in.

16.

At the time of sale, Defendant McLaren represented that the Extended Warranty would be easy to use and provide peace of mind.

17.

At the time of sale, Defendant McLaren represented that Plaintiff could use any repair facility of his choosing if he needed to utilize the Extended Warranty.

18.

At the time of purchase, Plaintiff was considering purchasing an extended warranty directly from the manufacturer BMW. Defendant McLaren, through Brian Utter, represented that their Extended Warranty was better, more comprehensive, and covered more things. This included, but was not limited to the representation that McLaren's Lux Guard warranty would not be voided by a computer chip if Plaintiff wanted to use one to increase horsepower, whereas BMW's warranty would have been voided by said chip.

[4]

## REPAIR I

19.

On or around October 3, 2023, Plaintiff had a problem with the subject vehicle and brought it to German Car Repair.

20.

Plaintiff called Brian Utter and Kyle Slawter at Charlotte McLaren to inquire about how to use the Extended Warranty. They told him to call Defendant Lux Guard.

21.

Plaintiff, individually, and through German Car Repair, contacted Lexus Martinez at Defendant Lux Guard many times by phone and email. It took 15 days to even get a response.

22.

Defendant Lux Guard first told Plaintiff that the repairs were not covered under warranty.

23.

Defendant Lux Guard then told Plaintiff that he was not allowed to get the repair done at German Car Repair.

24.

Defendant Lux Guard promised to authorize the repairs on October 18, 2023, but then never called back as promised.

25.

Plaintiff made several calls to Defendant McLaren and finally got Manager Blaine Decker on the phone. He referred Plaintiff to Defendant McLaren's Counsel Jason Burton.

26.

Defendants refused to honor the Extended Warranty. They insisted that Plaintiff have the subject vehicle towed from Gwinnett County, Georgia to the Charlotte Mclaren dealership 222 miles away in North Carolina. Plaintiff refused.

27.

Defendants later conceded that they were responsible for the repairs, but then refused to authorize the repairs until Plaintiff got a second opinion at a local BMW dealer. The BMW dealer confirmed that the transfer case was having problems, but said that transfer case fluid might resolve the issue.

28.

Defendant McLaren refused to repair the transfer case. They insisted Plaintiff try transfer case fluid first. Plaintiff brought his car back from the BMW dealer to German Car Repair. They completed the repairs, including transfer case fluid instead of the recommended transfer case replacement. Defendant Mclaren paid for them. Plaintiff picked his car up on or around November 8, 2023.

29.

Plaintiff was without use of the subject vehicle for 36 days from October 3, 2023 until November 8, 2023. If Defendants had honored their Extended Warranty in good faith, the repairs and authorization would have likely been completed in 6 days or less.

**REPAIR II**

30.

Because Defendants refused to replace the transfer case, insisted on a second opinion, and ultimately only approved the transfer case fluid, the subject vehicle broke again on or around May 5, 2024.

[6]

31.

On May 5, 2024, Plaintiff reported that fluid was dripping on his driveway to Defendant McLaren's counsel Jason Burton. Plaintiff reported it to Mr. Burton, because Defendant Lux Guard and Lexus Martinez had previously been completely non-responsive.

32.

Even though the Extended Warranty is a contract between Plaintiff and Defendant McLaren, Defendant McLaren, through counsel, complained that Plaintiff did not report the claim through the proper channels and delayed communications until May 14, 2024.

33.

On May 14, 2024, Plaintiff, through German Car Repair, spoke with Ryan at Defendant Lux Guard letting him know that, because Defendant Lux Guard refused to replace the transfer case in October 2023 as requested, the transfer case caused the differential to fail also.

34.

German Car Repair completed the work on June 4, 2024. Though the repairs had been approved, Defendant McLaren delayed making payment. Plaintiff had to call Defendant McLaren and their Counsel several times on June 5, 2024, June 6, 2024, and June 7, 2024 asking them to please pay German Car Repair so he could go get his car.

35.

On June 7, 2024, Defendant McLaren paid for the repairs and Plaintiff picked up his car.

36.

If Defendants had acted in good faith and approved the necessary transfer case repair in October 2023, Plaintiff would not have needed the second round of repairs. Therefore, because of Defendants' bad faith, Plaintiff was without his car for 33 days from May 4, 2024 until June 7, 2024.

[7]

37.

Defendant McLaren offered Plaintiff money to compensate him for time without his car, but made it contingent upon Plaintiff forfeiting the rest of the warranty. Plaintiff refused.

**REPAIR III**

38.

The subject vehicle required another covered repair on or around May 8, 2025 because the air conditioning was not working.

39.

Plaintiff brought the subject vehicle to German Car Repair and paid $567.05 for freon to refill the A/C unit. If this would fix the issue, it would not be covered under the Extended Warranty, because it would be a maintenance issue. However, if the dyed freon showed a broken system, then this would be covered under the Extended Warranty.

40.

By late June 2025, the A/C broke again. Plaintiff brought the car back to German Car Repair.

41.

German Car Repair made a claim for the A/C Repair to Defendant Lux Guard.

42.

Plaintiff sent an email to Defendant McLaren's counsel on July 8, 2025 asking for approval by July 9, 2025 because the A/C repairs were clearly covered under the Extended Warranty contract. Defendant never responded.

43.

Plaintiff spoke with Defendant McLaren's Counsel Jason Burton on or around July 16, 2025. During that conversation, Jason Burton let Plaintiff know Lux Guard told Jason Burton that

[8]

the claim was not reported to them.  Plaintiff explained that Chase Keuch at German Car Repair had emailed Lux Guard on or around July 7, 2025 using the same email Defendant McLaren had provided Plaintiff since the beginning – luxguardw@gmail.com.  Jason Burton was angry because he told Plaintiff that Defendant Lux Guard lied to Jason Burton and said Plaintiff had not yet reported the claim.  Nevertheless, Jason Burton, on behalf of Defendant McLaren, promised Plaintiff during that conversation that all of the repairs would be approved at some point.  Jason and Plaintiff agreed that after the A/C repairs were approved and paid, that settlement discussions would continue concerning other remaining legal issues caused by Defendants' behavior outlined in this suit.

44.

On July 22, 2025, Defendant Lux Guard *finally* acknowledged the claim.  Defendant Lux Guard told Chase Keuch that they would respond in 24-48 hours.  That deadline passed with no communication.

45.

On July 29, 2025, Defendant Lux Guard told Chase Keuch they would approve the repairs in 24-48 hours.  That deadline passed again with no communication.

46.

Finally, on August 7, 2025 – one month after the claim was reported – Defendant Lux Guard sent someone to German Car Repair.  Defendant Lux Guard did not approve all the repairs as Defendant McLaren, through Counsel Jason Burton, had promised.  Therefore, on August 22, 2025, Plaintiff paid out of pocket for the repair and picked up his car.  This repair cost Plaintiff approximately $5,645.95.

[9]

47.

Plaintiff was without his car from July 1, 2025 until August 22, 2025. Plaintiff mitigated his damages by paying for the repair out of pocket. Of these 52 days, Plaintiff contends that at least 37 of these days could have been avoided if Defendants had approved and paid for the repairs in good faith.

## MISCELLANEOUS REPAIR AND CONCLUSION

48.

Plaintiff paid for another repair out of pocket for a passenger air vent that was broken to mitigate his damages. This repair occurred at United BMW. Plaintiff will need to get the receipt from United BMW, but it was over $500.00.

49.

Plaintiff spent considerable time dealing with Defendants and their numerous refusals to honor their Extended Warranty and lost wages as a result.

50.

Due to Defendants' misconduct as outlined hereinabove, Plaintiff was deprived of the use of his vehicle for approximately 100 days. During that time, Plaintiff suffered damages because he was paying his car note and insurance on the subject vehicle.

## COUNT I
## FRAUD AGAINST DEFENDANT MCLAREN –
## THE SUBJECT VEHICLE HAD NOT BEEN SMOKED IN

51.

Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 50 as if fully restated herein.

[10]

52.

When Plaintiff purchased the 2020 BMW X6 M50i from Defendant McLaren, Defendant McLaren knew the car had been smoked in.

53.

When Plaintiff purchased the 2020 BMW X6 M50i from Defendant McLaren, Defendant McLaren made representations to Plaintiff that the car had not been smoked in. Defendant McLaren knew that this representation was false.

54.

Plaintiff relied upon Defendant McLaren's representation that the car had not been smoked in by buying the subject vehicle.

55.

In reliance upon Defendant McLaren's knowing misrepresentations concerning the smoky condition of the subject vehicle, Plaintiff suffered compensatory damages in the amount of the entire purchase price of the vehicle and Extended Warranty - $77,984.00 -- and/or the reasonable amount of diminished value caused by the smoke smell.

56.

In reliance upon Defendant McLaren's knowing misrepresentations concerning the smoky condition of the subject vehicle , Plaintiff suffered compensatory damages in the amount of the cost of products and services Plaintiff purchased to try to rid the vehicle of the smoke smell.

57.

Plaintiff is entitled to compensatory damages and punitive damages for Defendant McLaren's fraud in an amount to be determined by the enlightened conscience of an impartial jury.

[11]

## COUNT II
## FRAUD AGAINST DEFENDANTS –
## THE EXTENDED WARRANTY WILL PROVIDE PEACE OF MIND;
## IT IS BETTER THAN BMW'S MANUFACTURER EXTENDED WARRANTY; AND
## YOU CAN PICK YOUR OWN REPAIR SHOP

58.

Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 57 as if fully restated herein.

59.

Defendants represented that the Extended Warranty would be easy to use and provide peace of mind. Defendants knew that this was not the case. Upon information and belief Defendant First Extended Service Corporation (Defendant Lux Guard) has 212 Google Reviews with a 1.7 star rating and is not accredited by the Better Business Bureau.

60.

Defendants represented that Plaintiff could use any repair facility of his choosing if he needed to utilize the Extended Warranty.

61.

The Extended Warranty Service Contract allows the customer, like Plaintiff, to choose their own repair facility so long as the customer lives more than 40 miles away from the Selling Dealer.

62.

At the time of purchase, Plaintiff was considering purchasing an extended warranty directly from the manufacturer BMW. Defendant McLaren, through Brian Utter, asserted that their Extended Warranty was better, more comprehensive, and covered more things. This included, but was not limited to the representation that McLaren's Lux Guard warranty would not be voided by a racing chip if Plaintiff wanted to use one, whereas BMW's warranty would have been voided.

[12]

63.

Plaintiff relied on Defendants' representations above that the Extended Warranty would provide peace of mind, that it would be better than BMW's extended warranty, and most importantly that he could use any repair shop of his choice in Georgia.

64.

When Plaintiff tried to use the Extended Warranty for the first time, Defendant Lux Guard told Plaintiff the repairs were not covered. Defendant Lux Guard eventually conceded that the repairs were covered. Then Defendants collectively tried to prohibit Plaintiff from using his choice of repair facility by insisting that Plaintiff must have the car towed to Charlotte for the repairs to be covered. Defendants eventually conceded. Then Defendants refused to abide by the recommendations of Plaintiff's repair shop – German Car Repair. All of these actions show that their representations concerning peace of mind and Plaintiff's right to choose his own repair shop – were known to be false and made with intent to have Plaintiff rely upon them in purchasing the Extended Warranty.

65.

In purchasing the extended warranty, Plaintiff relied on Defendants' knowingly false representations that it would provide Plaintiff with peace of mind, that it would be very easy to use, and that Plaintiff would have the right to use the shop of his own choosing.

66.

Plaintiff suffered damages as a proximate result of his reliance on Defendants' misrepresentations including lost wages during time spent calling Brian Utter, Blaine Decker, Lux Guard, German Car Repair, Jason Burton, and Kyle Slawter. Plaintiff suffered further damages by being forced to spend additional unnecessary time as a result of his reliance on Defendants' knowing misrepresentations by driving to German Car Repair to pick the vehicle up and drive it

[13]

to the nearest BMW Dealer, get a second opinion that turned out to be wrong, and drive the car back to German Car Repair. These compensatory damages must be determined by the enlightened conscience of an impartial jury and may include the entire purchase price of the subject vehicle and Extended Warranty – $77,984 – and/or lost wages.

67.

Plaintiff is entitled to punitive damages in an amount determined by the enlightened conscience of an impartial jury. Such amount should be awarded to deter Defendants' fraudulent conduct in order to penalize Defendants and deter them from defrauding future customers.

### COUNT III
### FRAUD AGAINST DEFENDANT MCLAREN
### REPAIR III (A/C) WOULD BE APPROVED AND PAID FOR
### BY THE EXTENDED WARRANTY

68.

Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 67 as if fully restated herein.

69.

On or around July 16, 2025, Defendant McLaren, by and through Counsel, represented to Plaintiff that the A/C Repairs ("Repair III" hereinabove) would be covered and paid by Defendants under the Extended Warranty. Defendant McLaren knew or should have known that that representation was false. It was made to induce Plaintiff to act against his interest.

70.

Plaintiff relied on Defendant McLaren's misrepresentation that Repair III would be approved and paid for under the Extended Warranty. If he would have known that the repair was not going to be covered, he could have mitigated damages by paying out of pocket sooner and getting his car back sooner.

[14]

71.

Plaintiff suffered compensatory damages in the amount of $6,213.00 in being forced to pay out of pocket for the covered A/C Repair III.

72.

Plaintiff is entitled to compensatory damages and punitive damages because of Defendant McLaren's knowingly false representation that Repair III would be covered and paid by Defendants. These damages need to be determined by the enlightened conscience of an impartial jury.

## COUNT IV
## NEGLIGENCE

73.

Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 72 as if fully restated herein.

74.

Defendants owed Plaintiff a duty of ordinary care in handling covered repairs under the Extended Warranty.

75.

Defendants breached their duty to Plaintiff in the following ways:

A. Trying to avoid their obligations under the Extended Warranty by telling Plaintiff covered repairs were not covered;

B. Refusing to pay for all covered repairs;

C. Insisting that Plaintiff tow his car to Charlotte for repairs to be covered;

D. Refusing to allow Plaintiff to choose German Car Repair as his shop of choice;

E. Refusing to pay for the transfer case replacement;

F. Promising that Repair III would be approved, covered, and paid, but later refusing to

[15]

cover the entire repair;

G. On several different occasions waiting days and sometimes weeks without responding to Plaintiff or German Car Repair;

H. On several different occasions promising to provide a response by a date and time and then failing to respond by said date and time;

I. Insisting that Defendant Lux Guard was solely responsible for any liability under the Extended Warranty when said warranty states the contract is between Plaintiff and the Selling Dealer – Defendant McLaren;

J. On several different occasions refusing to provide contact information of a representative for Defendant Lux Guard;

K. Threatening to File a frivolous lawsuit against Plaintiff in North Carolina; and

L. In other ways that may be proven by evidence at trial.

76.

The above-described acts of negligence proximately caused Plaintiff compensatory damages including, but not limited to out-of-pocket repair costs estimated to be worth $6,713.00, and/or the purchase price of the vehicle and Extended Warranty of $77,984.00, and/or 100 days of loss of use damages estimated to be worth $15,800.00, and/or lost wages estimated to be worth at least $50,000.00.

77.

Plaintiff is entitled to compensatory damages and punitive damages proximately caused by Defendants' negligence in an amount to be determined by a jury from evidence presented at trial.

## COUNT V
## DEFENDANTS' FRAUD AND UNFAIR OR DECEPTIVE PRACTICES IN CONSUMER TRANSACTIONS UNDER THE FAIR BUSINESS PRACTICES ACT OF 1975

78.

Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 77 as if fully restated herein.

79.

Defendant McLaren sold Plaintiff an Extended Warranty that clearly states "This agreement is not an insurance policy, it is a Service Contract between **You** and the **Selling Dealer**." "You" seems to mean Plaintiff and "Selling Dealer" seems to mean Defendant McLaren.

80.

Nevertheless, Defendant McLaren has repeatedly denied any liability under the Extended Warranty. Instead, they have blamed Defendant Lux Guard.

81.

On several occasions, following Defendant McLaren's blaming of Defendant Lux Guard, Plaintiff requested contact information of a representative or Counsel for Defendant Lux Guard, but Defendant McLaren either refused to provide it or ignored Plaintiff's request.

82.

Defendants' actions caused Plaintiff actual confusion and actual misunderstanding as to the source, sponsorship, approval, or certification of the Extended Warranty.

83.

Defendants' actions caused Plaintiff actual confusion and actual misunderstanding as to the affiliation, connection, or association between Defendant McLaren and Defendant First Extended Service Corporation. This confusion is further highlighted by the characterization in this lawsuit of the second Defendant as Defendant Lux Guard. Further highlighting the deception,

[17]

the Extended Warranty says "First Extended Service Corporation dba First Extended Insurance Service, California License #0E32800, all located at P.O. Box 804785, Chicago Illinois 60680", but a search on Illinois' Secretary of State Business search shows a corporation by that name was dissolved in 1995. On North Carolina's Secretary of State Website, a corporation by that name is incorporated in Texas, with two different addresses in Illinois and North Carolina. Plaintiff still does not know the correct entity to date.

84.

Defendants violated O.C.G.A.§ 10-1-393 by advertising a good – the subject vehicle – as having never been smoked in. This caused Plaintiff harm.

85.

Defendants violated O.C.G.A.§ 10-1-393 by advertising a service – the Extended Warranty – with intent not to sell it as advertised. While it allows a customer who lives more than 40 miles from the dealership to choose his own shop, Defendants tried to refuse coverage under the Extended Warranty unless Plaintiff had his car towed 222 miles to Defendant McLaren.

86.

Plaintiff suffered damages as a result of Defendants' unfair and deceptive trade practices in that he would never have purchased the subject vehicle and Extended Warranty. In fact, at time of purchase, Plaintiff contemplated purchasing a warranty directly from BMW, but Defendant McLaren insisted their warranty was more comprehensive and would be a better product.

87.

Defendants' unfair and deceptive act has an impact on the consumer marketplace, because consumers do not know what they are buying. Plaintiff still does not understand the relationship between Defendants and other consumers would not be able to ascertain this either. Defendant First Extended Service Corporation (Defendant Lux Guard) has 212 Google Reviews with a 1.7-

[18]

star rating and is not accredited by the Better Business Bureau.  Thus, this is a widespread problem

that could and should be addressed by the Fair Business Practices Act.

88.

Plaintiff prays for all relief available to him under the Fair Business Practices Act of 1975

as codified in O.C.G.A. § 10-1-390.  These damages, include, but may not be limited to general

damages and exemplary damages to be proven at trial.

## COUNT VII
## CONVERSION

89.

Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 88

as if fully restated herein.

90.

At all times relevant hereto, Plaintiff had legal title to the subject vehicle and/or the right

to possess it.

91.

In refusing to approve covered repairs under the Extended Warranty, Defendants assumed

unauthorized possession or control over Plaintiff's vehicle for approximately 100 days as outlined

hereinabove.

92.

Plaintiff demanded Defendants return the property – the subject vehicle – by demanding

that Defendants cover and pay for covered repairs under the Extended Warranty.

93.

In many different ways Defendants refused to cover and pay for covered repairs under the

Extended Warranty, thus refusing to return the subject vehicle to Plaintiff.

[19]

94.

Defendants' misconduct constitutes conversion of Plaintiff's property – the subject 2020 BMW X6 M50i – from Plaintiff's possession or control to Defendants' possession or control for 100 days.

95.

Plaintiff suffered $15,800.00 of compensatory damages caused by Defendants' conversion, because the reasonable cost to rent a similar vehicle was $158.00 per day.

96.

Plaintiff suffered additional compensatory damages as a proximate cause of Defendants' conversion because he was paying to insure the subject vehicle without being able to use it.

97.

Plaintiff is entitled to compensatory damages and punitive damages for Defendants' conversion in improperly depriving Plaintiff from being able to use his vehicle for 100 days. These amounts should be determined by the enlightened conscience of an impartial jury.

**WHEREFORE**, Plaintiff Eric Sterling prays that he has judgment against Defendants as follows:

a)     that process be served upon the Defendants in accordance with the law;

b)     that a jury trial be had on all issues;

c)     that judgment be awarded for Plaintiff from said Defendants, for compensatory damages in an amount to be determined by the enlightened conscience of a fair and impartial jury at trial;

[20]

d) that judgment be awarded for Plaintiff from said Defendants, for lost wages in an amount to be determined by the enlightened conscience of a fair and impartial jury at trial;

e) that judgment be awarded for Plaintiff from said Defendants for punitive damages in an amount to be determined by the enlightened conscience of a fair and impartial jury at trial;

f) that Plaintiff recover reasonable attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11 and/or any other applicable Code Section;

g) that Defendants be required to pay all court costs; and,

h) that Plaintiff have such other and further relief as this Court deems appropriate.

Respectfully submitted this 8th day of October, 2025.

**ERIC STERLING LAW FIRM**

/s/ Eric A. Sterling
Eric A. Sterling
Georgia State Bar No.: 995511
*Attorney for Plaintiff*

PO Box 1595
Lawrenceville GA 30046
(229) 296-6646
eric@ericsterlinglaw.com

[21]

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-11527-S7**

**10/13/2025 10:12 AM**

TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

**State of Georgia**          **County of Gwinnett**          State Court

Case Number: 25-C-11527-S7

Plaintiff: **Eric Sterling**
vs.
Defendant: **CMD, LLC, et al.**

For:
Eric Sterling
Eric Sterling Law Firm
PO Box 1595
Lawrenceville, GA 30046

Received by Ancillary Legal Corporation on the 9th day of October, 2025 at 1:55 pm to be served on **First Extended Service Corporation c/o: registered agent, Corporation Service Company, 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608**.

I, Marcus Lawing, being duly sworn, depose and say that on the **10th day of October, 2025** at **9:40 am, I**:

served **First Extended Service Corporation c/o: registered agent, Corporation Service Company** by delivering a true copy of the **Summons(2), Complaint, General Civil and Domestic Relations Case Filing Information Form** to: Corporation Service Company as **Registered Agent, BY LEAVING THE SAME WITH** Heather Hughes as **Legal Assistant/Authorized** at the address of: **2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608**.

**Additional Information pertaining to this Service:**
10/10/2025  9:40 am  Perfected corporate service at 2626 Glenwood Avenue Suite 550 Raleigh, NC 27608. Served at Registered Agent's Office and accepted by Heather Hughes, Legal Assistant, and authorized to accept.

**Description** of Person Served: Age: ~55, Sex: F, Race/Skin Color: WHITE, Height: ~5'3, Weight: 260, Hair: BROWN, Glasses: -

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

Subscribed and Sworn to before me on the ___ day of _____, 2025 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

MATTHEW BURKERT
NOTARY PUBLIC
DURHAM COUNTY
North Carolina
My Commission Expires     April 25, 2026

**Marcus Lawing**
Process Server

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: ANC-2025017504
Ref: Sterling

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-11527-S7**
**10/13/2025 10:12 AM**
TIANA P. GARNER, CLERK

# AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Gwinnett**                    State Court

Case Number: 25-C-11527-S7

Plaintiff: **Eric Sterling**
vs.
Defendant: **CMD, LLC, et al.**

For:
Eric Sterling
Eric Sterling Law Firm
PO Box 1595
Lawrenceville, GA 30046

Received by Ancillary Legal Corporation on the 9th day of October, 2025 at 1:50 pm to be served on **CMD, LLC c/o: registered agent, Burton Law Firm, PLLC, 219 North Boylan Avenue, 1st Floor, Raleigh, NC 27603**.

I, Marcus Lawing, being duly sworn, depose and say that on the **10th day of October, 2025** at **10:00 am, I:**

served **CMD, LLC c/o: registered agent, Burton Law Firm, PLLC** by delivering a true copy of the **Summons(2), Complaint, General Civil and Domestic Relations Case Filing Information Form** to: Burton Law Firm, PLLC as **Registered Agent, BY LEAVING THE SAME WITH** Cody Kimmons as **Office Manager/Authorized** at the address of: **219 North Boylan Avenue, 1st Floor, Raleigh, NC 27603**.

**Additional Information pertaining to this Service:**
10/10/2025  10:00 am  Perfected corporate service at 219 North Boylan Avenue 1st Floor Raleigh, NC 27603. Accepted by Cody Kimmons, Office Manager at Burton Law Firm, Registered Agent's Office and authorized to accept on behalf of CMD LLC.

**Description** of Person Served: Age: ~43, Sex: F, Race/Skin Color: White, Height: ~5'3, Weight: 150, Hair: Black, Glasses: -

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

Subscribed and Sworn to before me on the ___12___
day of ___OCTOBER___ , _2025_ by the affiant
who is personally known to me.

_____
NOTARY PUBLIC

**Marcus Lawing**
Process Server

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

MATTHEW BURKERT
NOTARY PUBLIC
DURHAM COUNTY
North Carolina
My Commission Expires      April 25, 2026

Our Job Serial Number: ANC-2025017503
Ref: Sterling

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-11527-S7**

**11/10/2025 4:42 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ERIC STERLING,

        Plaintiff,

v.

CMD LLC, FIRST EXTENDED SERVICE
CORP., and ABC INC.,

        Defendants.

CIVIL ACTION
FILE NO. 25-C-11527-S7

---

## FIRST EXTENDED SERVICE CORPORATION'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

---

COMES NOW, First Extended Service Corporation ("FESC" or "Defendant" herein) and hereby files its Answer and Defenses to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff is not entitled to attorney's fees, expenses, post-judgment interest or pre-judgment interest under the facts of this case. Further, Defendant preserves all rights against Plaintiff to the extent these claims are asserted without any justifiable basis in fact or law. If Plaintiff's claims are determined to be false or fraudulent, Defendant reserves the right to seek all sanctions against all persons allowed by law.

### THIRD DEFENSE

Plaintiff failed to provide the 30-day written notice required by O.C.G.A. § 10-1-399(b) to this Defendant before filing suit.

## FOURTH DEFENSE

Plaintiff's FBPA claim is barred under O.C.G.A. § 10-1-396(1) because the conduct alleged is regulated under Title 33 of the Georgia Code.

## FIFTH DEFENSE

Defendant fully complied with all terms, conditions, and obligations of the applicable Service Contract.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he failed to satisfy conditions precedent to coverage under the Service Contract.

## SEVENTH DEFENSE

Plaintiff's own conduct caused or contributed to the damages he alleges.

## EIGHTH DEFENSE

Plaintiff failed to take reasonable steps to mitigate any alleged damages.

## NINTH DEFENSE

Plaintiff has not suffered any actual damages proximately caused by Defendant's conduct.

## TENTH DEFENSE

No privity of contract exists between Plaintiff and this Defendant, and no duty was owed to Plaintiff under the terms of the Service Contract.

## ELEVENTH DEFENSE

Plaintiff's recovery, if any, is limited to the remedies expressly provided in the Service Contract.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by principles of estoppel and waiver.

### THIRTEENTH DEFENSE

Plaintiff cannot show that Defendant's conduct proximately caused any alleged harm or loss.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTEENTH DEFENSE

Plaintiff is not entitled to recover punitive damages from this Defendant. Plaintiff's allegations against FESC, even if proven, sound solely in contract and do not state facts constituting willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care necessary to support an award of punitive damages under Georgia law. O.C.G.A. § 51-12-5.1.

### SIXTEENTH DEFENSE

Defendant affirmatively raises and preserves all defenses related to lack of jurisdiction and improper venue.

### SEVENTEENTH DEFENSE

Defendant asserts that Plaintiff has failed to properly serve Defendant in accordance with the Georgia Civil Practice Act, and therefore this Court lacks personal jurisdiction over Defendant. Defendant appears by special appearance only, without waiving any rights or defenses, to respond to Plaintiff's claims. Defendant expressly preserves all defenses available under O.C.G.A. § 9-11-12(b), including lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process.

### EIGHTEENTH DEFENSE

In answer to the specific allegations of Plaintiff's Complaint, Defendant shows the Court as follows:

## VENUE AND JURISDICTION

1.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

2.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

3.

Denied.

Further responding, Defendant states that "Lux Guard" is not a legal entity and is not a proper party to this action. To the extent the Complaint uses the term "Defendant Lux Guard" to refer to First Extended Service Corporation, in this paragraph or any others, Defendant denies that characterization and responds only on behalf of First Extended Service Corporation.

4.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

5.

Defendant admits Gwinnett County is one proper venue for this case. Defendant denies the remaining allegations contained in this Paragraph of Plaintiff's Complaint.

6.

This Paragraph of Plaintiff's Complaint does not contain a factual allegation to which a response is required. To the extent a response is required, denied.

**FACTUAL BASIS**

7.

Upon information and belief, admitted.

8.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

9.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

10.

Denied as pled.

11.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

12.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

13.

Defendant admits that the Service Contract contains state-specific amendments, including provisions applicable to Georgia residents. Defendant denies as pled any remaining allegations contained in this Paragraph of Plaintiff's Complaint.

14.

Denied.

15.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

16.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

17.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

18.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

## **REPAIR I**

19.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

20.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

21.

Denied.

22.

Denied.

23.

Denied.

24.

Denied.

25.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

26.

Denied.

27.

Denied.

28.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

29.

Denied.

**REPAIR II**

30.

Denied.

31.

Denied as pled.

32.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

33.

Defendant admits that on or about May 14, 2024, a representative of German Car Repair contacted Defendant regarding issues related to the vehicle's transfer case and front differential assembly. Defendant denies the remaining allegations contained in this Paragraph of Plaintiff's Complaint.

34.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

35.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

36.

Denied.

37.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

**<u>REPAIR III</u>**

38.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

39.

Defendant denies Plaintiff's characterization of coverage under the Service Contract to the extent it is inconsistent with the terms of the Service Contract. Defendant does not have sufficient information to respond to the remaining allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

40.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

41.

Defendant admits that on or about July 22, 2025, a representative of German Car Repair contacted Defendant FESC regarding issues related to Plaintiff's vehicle's air conditioning.

42.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

43.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

44.

Defendant admits that on or about July 22, 2025, a representative of German Car Repair contacted Defendant FESC regarding issues related to the vehicle's air conditioning for this first time. Defendant admits that the representative of German Car Repair was informed that the claim would undergo an authorization review, which *typically* takes around 24 to 48 hours. Defendant

denies that a "deadline" was communicated. Defendant denies the remaining allegations contained in this Paragraph of Plaintiff's Complaint.

45.

Denied.

46.

Defendant admits that Plaintiff's vehicle was inspected at German Car Repair on or about August 7, 2025. Defendant denies that it failed to approve repairs to Plaintiff's vehicle. Defendant does not have sufficient information to respond to the remaining allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

47.

Denied.

**MISCELLANEOUS REPAIR AND CONCLUSION**

48.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint, and places Plaintiff on strict proof of same.

49.

Denied.

50.

Denied.

**COUNT I**
**FRAUD AGAINST DEFENDANT MCLAREN –**
**THE SUBJECT VEHICLE HAD NOT BEEN SMOKED IN**

51.

Defendant incorporates by reference its responses to Paragraphs 1 through 50 of Plaintiff's Complaint.

- 10 -

52.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

53.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

54.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

55.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

56.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

57.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

**COUNT II**
**FRAUD AGAINST DEFENDANT –**
**THE EXTENDED WARRANTY WILL PROVIDE PEACE OF MIND;**
**IT IS BETTER THAN BMW'S MANUFACTURER EXTENDED WARRANTY; AND**
**YOU CAN PICK YOUR OWN REPAIR SHOP**

58.

Defendant incorporates by reference its responses to Paragraphs 1 through 57 of Plaintiff's Complaint.

59.

Defendant denies that it made any representations to Plaintiff that the Service Contract "would be easy to use and provide peace of mind." Defendant admits Plaintiff's allegations regarding Defendant's Google rating and Better Business Bureau accreditation status as matters of public record. Defendant expressly denies any allegations or implications of scienter, bad faith, fraudulent intent, or other wrongful conduct. Defendant denies any remaining allegations contained within this Paragraph of Plaintiff's Complaint.

60.

Denied.

61.

Denied.

62.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

63.

Defendant denies that FECS made any such representations to Plaintiff. Defendant denies as pled the remaining allegations contained within this Paragraph of Plaintiff's Complaint.

64.

Denied.

65.

Denied.

66.

Denied.

67.

Denied.

## **COUNT III**
## **FRAUD AGAINST DEFENDANT MCLAREN**
## **REPAIR III (A/C) WOULD BE APPROVED AND PAID FOR**
## **BY THE EXTENDED WARRANTY**

68.

Defendant incorporates by reference its responses to Paragraphs 1 through 67 of Plaintiff's Complaint.

69.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

70.

Denied as pled.

71.

Denied.

72.

Denied.

## **COUNT IV**
## **NEGLIGENCE**

73.

Defendant incorporates by reference its responses to Paragraphs 1 through 72 of Plaintiff's Complaint.

74.

Defendant states that its duties and obligations, if any, are governed exclusively by the terms of the Service Contract. Defendant denies the allegations in this Paragraph of Plaintiff's

Complaint to the extent they are inconsistent with or seek to impose duties beyond those set forth in the Service Contract.

75.

Denied.

76.

Denied.

77.

Denied.

## COUNT V
## DEFENDANTS' FRAUD AND UNFAIR OR DECEPTIVE PRACTICES IN CONSUMER TRANSACTIONS UNDER THE FAIR BUSINESS PRACTICES ACT OF 1975

78.

Defendant incorporates by reference its responses to Paragraphs 1 through 77 of Plaintiff's Complaint.

79.

Defendant states that the terms of the Service Contract speak for themselves. Defendant denies the allegations in this Paragraph to the extent they are inconsistent with the terms set forth in the Service Contract.

80.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

81.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

82.

Denied.

83.

Defendant states that the Service Contract speaks for itself and denies that this Paragraph of Plaintiff's Complaint accurately quotes the Service Contract. Defendant does not have sufficient information to respond to Plaintiff's assertions concerning his alleged confusion or misunderstanding of the clear terms of the Service Contract. Defendant denies that Plaintiff's improper designation of FESC as "Lux Guard" is evidence of "deception." Defendant denies as pled any remaining allegations contained in this Paragraph of Plaintiff's Complaint.

84.

Denied.

85.

Denied.

86.

Denied.

87.

Denied.

88.

Denied.

## **COUNT VII**
## **CONVERSION**

89.

Defendant incorporates by reference its responses to Paragraphs 1 through 88 of Plaintiff's Complaint.

90.

Defendant does not have sufficient information to respond to the allegations contained in this Paragraph of Plaintiff's Complaint and therefore cannot admit or deny same.

91.

Denied.

92.

Denied as pled.

93.

Denied.

94.

Denied.

95.

Denied.

96.

Denied.

97.

Denied.

98.

Defendant denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief located immediately after Paragraph 97 of Plaintiff's Complaint with the exception of subparagraph (b).

99.

Any allegations contained in Plaintiff's Complaint not admitted, denied, or otherwise responded to above are hereby denied.

WHEREFORE, having fully responded to the allegations contained in Plaintiff's Complaint, Defendant respectfully requests that said Complaint be dismissed and that judgment be issued for Defendant and that Defendant be discharged without costs.

**DEFENDANT HEREBY DEMANDS A TRIAL BY JURY OF TWELVE.**

Respectfully submitted, this 10th day of November, 2025.

**DREW ECKL & FARNHAM, LLP**

*/s/Michael L. Miller*
Michael L. Miller
Georgia Bar No. 508011
Katherine I. Barton
Georgia Bar No. 882335
*Attorneys for Defendant First Extended*
*Service Corporation*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
bartonk@deflaw.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ERIC STERLING,

       Plaintiff,

v.

CMD LLC, FIRST EXTENDED SERVICE
CORP., and ABC INC.,

       Defendants.

CIVIL ACTION
FILE NO. 25-C-11527-S7

## CERTIFICATE OF SERVICE

I certify I have on this day served all counsel and parties of record with a copy of *First Extended Service Corporation's Answer and Defenses to Plaintiff's Complaint* via Statutory Electronic Service and through Odyssey eFileGA, which will electronically serve the following:

Eric A. Sterling, Esq.
Eric Sterling Law Firm
Post Office Box 1595, Lawrenceville, GA 30046
eric@ericsterlinglaw.com

This 10th day of November, 2025.

**DREW ECKL & FARNHAM, LLP**

*/s/Michael L. Miller*
Michael L. Miller
Georgia Bar No. 508011
*Attorneys for Defendant First Extended Service Corporation*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com

06207-320651